# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

July 22, 2021

Lyle W. Cayce
Clerk

No. 20-30299
Summary Calendar

Landry Dixon,

*Plaintiff—Appellant*,

*versus*

Ally Bank, *Improperly Named as Ally Financial Corporation*; Frank W. Hobbs; Jeffery J. Brown; Jennifer LaClair; Ms. Samantha,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:19-CV-11344

Before King, Ho, and Duncan, *Circuit Judges.*

Per Curiam:*

Landry Dixon, proceeding pro se, filed a complaint against Ally Bank (Ally), Franklin W. Hobbs, Jeffrey J. Brown, Ms. Samantha, and Jennifer LaClair. Dixon raised claims that Ally and its employees were in violation of

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-30299

the predatory lending provisions of the 2010 Dodd-Frank Act, the Consumer Financial Protection Act of 2010, and the Louisiana Unfair Trade Practices Act (LUTPA). The district court granted the defendant's motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), finding that Dixon failed to state a claim for relief. Dixon now appeals.

We review de novo a district court's dismissal pursuant to Rule 12(b)(6). *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). A plaintiff fails to state a claim upon which relief can be granted when the claim does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

In his brief, Dixon argues that the district court erred in failing to acknowledge that he argued in his opposition to the motions to dismiss that the defendants were in violation of the Louisiana Unfair Trade Practices and Consumer Protection Law, the Michigan State Consumer Protection Act, the Consumer Credit Protection Act, the Truth in Lending Act, Regulation Z of the Federal Regulation Board, Title 15 U.S.C. Sections 1601 to 1667, and Federal Chapters 41 to 58 of Title 15. He further asserts that the court erred in failing to direct the defendants to respond to his allegation that $8,000 included in the contract was theft by bank lending fraud.

Because Dixon did not raise these arguments in his complaint and instead raised them for the first time in a pleading filed in response to the motions to dismiss, the arguments are not properly before this court. *See Cutrera v. Bd. of Sup'rs of Louisiana State Univ.*, 429 F.3d 108, 113 (5th Cir. 2005) ("A claim which is not raised in the complaint but, rather, is raised only in response to a motion for summary judgment is not properly before the court."). To the extent Dixon argues that the district court should have construed his opposition to the motions to dismiss as a motion to amend his complaint, his argument is without merit. He did not expressly request

an amendment of his complaint, *see United States ex rel. Willard v. Humana Health Plan of Tex. Inc.*, 336 F.3d 375, 387 (5th Cir. 2003), and the amendment would have been futile, *see Wright v. Allstate Ins. Co.*, 415 F.3d 384, 391 (5th Cir. 2005).

The district court found that Dixon's claims involved an alleged disparity between a verbal conversation and the terms of a written agreement and, thus, were barred by the Louisiana Credit Agreement Statute. The court further determined that Dixon failed to allege facts showing that he has a private right of action under the Consumer Financial Protection Act of 2010 and the predatory lending provisions of the 2010 Dodd-Frank Act. Regarding his claims arising under the LUTPA, the court determined that Ally was a federally-insured financial institution, and that, therefore, LUTPA was inapplicable to Ally. As to claims raised against the individual defendants, the court found that Dixon failed to allege facts that would show the defendants had a personal duty towards Dixon; thus, liability could not be assigned to corporate officers under Louisiana law.

On appeal, Dixon does not address the court's reasons for dismissal; he has, therefore, abandoned his claims. *See Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir. 1993); *see also Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 745, 748 (5th Cir. 1987) (concluding pro se appellant's failure to identify "any error in [court's] legal analysis or its application to [appellant's] suit . . . is the same as if [appellant] had not appealed that judgment").

The judgment of the district court is AFFIRMED.